**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PHILIP KURLANDER, M.D., an
individual, BAKER HILL HOLDING, LLC,
a New York limited liability company,
EDWIN M. STANTON, an individual, and
STANTON HOLDINGS, LLC, a Delaware
limited liability company,
     Plaintiffs,

v.     Case Number: 8:19-cv-742-T-02-AEP

ROBERT R. KAPLAN, an individual,
ROBERT R. KAPLAN, JR., an individual,
and KAPLAN VOEKLER CUNNINGHAM
& FRANK PLC, a Virginia professional
limited company,
     Defendants.
_____/

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION
OF DISMISSAL [DOC. 73]**

Plaintiffs Philip Kurlander, M.D., Baker Hill Holding, LLC, Edwin M. Stanton, and Stanton Holdings, LLC, pursuant to 28 U.S.C. § 636(b)(1)(C) and this Court's Local Rule 6.02, objects to the Report and Recommendation issued August 5, 2020 by the Honorable Anthony Porcelli, United States Magistrate Judge [Doc. 73]. In support of the objection, Plaintiffs offer the following arguments and authorities.

**Standard for Consideration of the Objection**

The Report and Recommendation addresses a motion to dismiss for failure to state a claim upon which relief can be granted. Under 28 U.S.C. § 636(b)(1)(C):

1

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court's review is de novo.

**The Motion, and the Report and Recommendation**

Plaintiffs' Second Amended Complaint pleads two counts for relief. Count I is a claim for professional malpractice and Count II is a claim for common law fraud. Applying Virginia law in accordance with a prior ruling of this Court, the Magistrate Judge has recommended dismissal of Count II, because, generally, to the extent a fraud claim might be separately brought by a client against an attorney, the Second Amended Complaint does not adequately plead the fraud claim.

Plaintiffs do not take issue with the Magistrate Judge's discussion contained in Part I of his Report and Recommendation (the case "Background," which is in turn divided into "Factual Background" and "Procedural Background" subparts). Nor do Plaintiffs take issue with the Magistrate Judge's discussion contained in Part 2 of his Report and Recommendation (the "Legal Framework").

The Magistrate Judge noted that, under Virginia law, "while a duty not to commit fraud may lie independent of a contract, the specific facts alleged must indicate that the fraud regarded conduct that was not governed by the contract." Doc. 73, p.11. In this context, the Magistrate Judge examined the operative pleading and found that "the Second Amended Complaint fails to allege a factual scenario in which the alleged fraud occurred outside of the attorney-client relationship." Plaintiffs respectfully object to this finding.

**The Client vs. Attorney Fraud Claim is Proper**

It appears the Magistrate Judge would view Virginia law as requiring that conduct sufficient to support an independent tort claim must arise independent of the attorney-client relationship, essentially requiring Plaintiffs to allege a breach of duties arising under a wholly different relationship, such as the parties' investor-investor relationship or director-owner relationship.[1] For example, the Magistrate Judge observed his central charge to be to "determine whether Plaintiffs' fraud claims allege an independent duty outside of the alleged attorney-client relationship." (Doc. 73, p.10) Unfortunately, this central determination varies from applicable Virginia law. While the attorney-client relationship must of course be considered when evaluating the existence of fraud as an "independent tort," the central analysis must focus more acutely on the elements, proof and damages asserted by the fraud claim, than on the existence of a relationship that is wholly independent of the relationship underlying the malpractice claim.

The Magistrate Judge's Report and Recommendation accurately notes that, under Virginia law, professional malpractice actions are contract claims, generally arising out of alleged breaches of the contractual attorney-client relationship. From this point, the Report and Recommendation strays from Virginia law, as it is inconsistent with *Goodstein v. Weinberg*, 245 S.E.2d 140 (Va. 1978). In *Goodstein*, a client sued its attorneys for professional negligence and fraud due to the attorneys' handling of certain aspects of pre-closing due diligence in relation to a real estate transaction. *Id*. at 141-42. The client's

---

[1] Count II of the Second Amended Complaint <u>should</u> be read as asserting breaches of the parties' investor-investor relationship, in addition to their attorney-client relationship. That aspect of the pleading is discussed *infra*.

"action against [the attorneys] contained one count seeking to recover compensatory damages for negligent breach of contract. Another count sought to recover both compensatory and punitive damages based solely on tort liability, for the allegedly fraudulent and willfully negligent conduct of the attorneys." *Id*. at 142.  The two counts arose out of the same facts and out of the only relationship that existed between the parties – their attorney-client relationship. The only difference between the two counts was the heightened level of intent, as fraudulent and willful conduct is necessary to prove fraud and to support the additional pleaded claim for relief – punitive damages. *Id*. at 141-42.

At the time the *Goodstein* actions accrued, Virginia common law prevented a plaintiff from simultaneously seeking, in one action, relief in contract and tort. For this reason, the trial court had properly required the client to make an election between his malpractice and fraud claims. The first did not necessarily subsume the second; rather, the plaintiff could elect either, with the second allegedly supporting a judgment for punitive damages. The court noted:

> The general rule is that exemplary or punitive damages are not allowed for breach of contract even though the action is ex delicto and not ex contractu. This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort since the plaintiff has a right to elect whether he will proceed in tort or upon the contract.

*Goodstein*, 245 S.E.2d at 143.[2]

---

[2] The *Goodstein* court noted that, by the time of its opinion, Virginia's common law bar to simultaneously bringing contract and tort claims had been statutorily superseded. For this reason, at the time of the opinion, the *Goodstein* plaintiff would not even have been required to elect between the two claims and could have prosecuted *both*:

> Clearly, at the time this issue was decided below, the trial court was correct in holding there was a misjoinder and in requiring an election by the plaintiffs. Since the plaintiffs elected, albeit by a required election, to proceed "solely on tort

Contrary to the Magistrate Judge's analysis of the central issue under Virginia law, a fraud claim need not arise wholly outside the attorney-client relationship in order to be separately viable. In *Goodstein*, even though the malpractice and fraud claims arose out of *precisely the same relationship* and *precisely the same conduct*, the court expressly recognized that the fraud claim was an "independent, willful tort." *Id*.

As in *Goodstein*, Count II of Plaintiffs' Second Amended Complaint includes a prayer for punitive damages that is not included in Count I, for the obvious reason that Count II requires a higher degree of proof as to intent or recklessness. Doc. 55, p. 60-61 (ad damnum clause).

Applying *Goodstein*, it is not the existence of a relationship wholly separate from the contractual attorney-client relationship that is determinative of whether a tort claim against an attorney can stand alongside a claim for professional malpractice; it is the existence of different elements of proof and damage. See, for example, *Hewlette v. Hovis*, 318 F.Supp.2d 332 (E.D. Va. 2004), in which the court stated:

> Because claims against an attorney for breach of his duties as an attorney arise under contract law, punitive damages are not available in the absence of an "independent, wilful tort." *Kamlar Corp. v. Haley,* 224 Va. 699, 707, 299 S.E.2d 514 (1983). Thus, "a plaintiff seeking punitive damages should allege a wilful, independent tort in a count separate from that which alleges a breach of contract." *Id.* An independent tort is "one that is factually bound to the contractual breach but whose legal elements are distinct from it." *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 672 (4th Cir. 1986).
>
> liability", they are bound by that election.
>
>  \* \* \*
>
> … Code s 8.01-272… now permits the joinder of actions in tort and contract where those claims arose out of the same transaction or occurrence.

5

*Hewlette v. Hovis*, 318 F.Supp.2d 332, 335 (E.D. Va. 2004). Accord, *Jones v. Link*, 493 F.Supp.2d 765, 772, n.9 (E.D. Va. 2007) ("An independent tort, ***such as fraud***, is 'one that is factually bound to the contractual breach but whose legal elements are distinct from it'") (emphasis added), quoting *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 672 (4th Cir. 1986), citing *Hewlette*, *Goodstein*.

At a minimum, adoption of the Report and Recommendation would constitute a premature dispositive ruling that Plaintiffs cannot assert a punitive damage claim as a matter of law. *Goodstein* appears to stand for the proposition that Plaintiffs cannot seek punitive damages under their contract-based Count I malpractice claim, with their Count II fraud claim being the proper vehicle for seeking such relief, even where the two claims arise out of the attorney-client relationship.

**In the Alternative, Count II Should be Treated as an Alternative Claim**

Alternatively, if the Court is inclined to adopt the Report and Recommendation's holding that deceptive and fraudulent breaches of the attorney-client relationship cannot, as a matter of law, support a fraud claim distinct from a malpractice claim, the Court should consider Count II in the alternative pleading context.

As mentioned above, it appears the Magistrate Judge would not recommend dismissal of Count II if he did not view the count as being limited solely to breaches of the attorney-client relationship. Even so, Count II is not so limited, because Count II does, in fact, allege the existence and breach of other duties arising under other relationships between the parties. Specifically, the Second Amended Complaint alleges the existence of fiduciary duties owed by Defendants as directors and officers of entities in which Plaintiffs

6

were or are owners, and expressly alleges the breach of such duties. See the following paragraphs, each of which is incorporated into Count II:

¶73   [The Kaplans were] richly rewarded for their multiple breaches of fiduciary duty and duty of loyalty owed to the Plaintiffs

¶81   The Plaintiffs and the Defendants enjoyed a fiduciary relationship in which the Defendants owed to the Plaintiffs at all times a duty to act with the utmost degree of honesty, forthrightness, loyalty, and fidelity including, but not limited to, the duty to promptly advise the Plaintiffs of any important information that may infringe on the Defendants' duties, the duty to disclose material facts and explain their legal significance, and the duty of full and fair disclosure, fairness, candor, and good faith in transactions involving the Plaintiffs

¶87   [T]he following conduct, acts, and omissions of the Defendants have directly led to losses by the Plaintiffs, or have indirectly and foreseeably lead to losses of the Plaintiffs, either as a result of the professional negligence, negligent misrepresentation, actual fraud, and/or breach of fiduciary duty of the Defendants

¶90   The full extent of trust reposed by the Plaintiffs in the Kaplans is evidenced by the fact the Plaintiffs cannot definitively establish that these are all of the instances of _malpractice and breaches of fiduciary duties_ that occurred (emphasis added)

Count II is properly viewed as alleging fraud that arises out of not only the parties' attorney-client relationship, but also of the director and officer to owner or investor relationship. This pleading is especially apropos since the Defendants audaciously deny the existence of an attorney-client relationship with three of the four Plaintiffs. See, e.g., Defendant KVCF's Answer, Doc. 62, ¶81 ("denied that Plaintiffs were KVCF's clients in connection with any of the allegations asserted in the Complaint"); Affirmative Defense No. 1 ("The claim asserted against KVCF is barred because KVCF did not represent Plaintiffs and Plaintiffs were not KVCF's clients in connection with any of the allegations asserted in the Complaint").

Defendants' insistence that they did not represent Plaintiffs cannot immunize them from liability for fraud, since fraudulent and deceitful breaches of their fiduciary duties will support a viable fraud claim even if no attorney-client relationship otherwise existed.

**DOGALI LAW GROUP, P.A.**

 */s/ Andy Dogali*
Andy Dogali
Fla. Bar No.: 0615862
19321 US Hwy 19 North
Suite 307
Clearwater, FL 33764
(813) 289-0700
Facsimile: (813) 289-9435
adogali@dogalilaw.com
Secondary Email: lfair@dogalilaw.com, reception@dogalilaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 19th day of August 2020.

*/s/Andy Dogali*
Andy Dogali